UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOMINGO COLAJ                                    :
                    Plaintiff,                   :
                                                 :
          v.                                     :           C.A. No.:
                                                 :
SEA WATCH INTERNATIONAL, LTD.;                   :
JOHN and/or JANE DOE, Alias; and                 :
JOHN DOE CORPORATION, Alias,                     :
                    Defendants                   :

## COMPLAINT

### PARTIES

1.      Plaintiff Domingo Colaj is a resident of the City of Providence, State of Rhode

Island.

2.      Defendant Sea Watch International, Ltd. is a corporation existing under the laws of

the State of Massachusetts with a principal place of business in New Bedford, Massachusetts.

3.      Defendant John and/or Jane Doe, Alias was Defendant Sea Watch International,

Ltd.'s agent, servant and/or employee and at all times relevant to this complaint was responsible,

among other things, to train, supervise, retain and/or oversee the forklift operator who injured Mr.

Colaj and/or ensure a safe work site. Upon information and belief, Defendant John and/or Jane

Doe, Alias was and is a citizen of the State of Massachusetts.

4.      Defendant John Doe Corporation, Alias trained, certified and/or supervised

Defendants John and/or Jane Doe and/or was their principal and/or employer.

5.      Upon information and belief John Doe Corporation, Alias is a corporation existing

under the laws of the State of Massachusetts.

<u>J</u>URISDICTION

6.      This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

<u>F</u>ACTS

7.      At all times relevant to this complaint, Plaintiff Domingo Colaj was an employee of Workforce Unlimited, Inc., a temporary employment agency with a principal place of business in Johnston, Rhode Island.

8.      Workforce Unlimited, Inc. provided laborers, including Plaintiff Domingo Colaj, to Defendant Sea Watch International, Ltd.

9.      On or about March 19, 2012, Plaintiff Domingo Colaj was working at Sea Watch International, Ltd.

10.     On said date and time, a forklift operator negligently and/or recklessly caused the forklift to run over Plaintiff's foot and ankle.

11.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent personal injuries.

12.     Said injuries and damages proximately resulted from Defendants' acts or omissions, as herein described.

13.     At all times material hereto, Plaintiff Domingo Colaj was in the exercise of due care for his safety and safety of others.

## COUNT I
### NEGLIGENCE
### SEA WATCH INTERNATIONAL, LTD.

14.     Plaintiff restates and realleges Paragraphs 1 through 13 of the Complaint as if fully set forth at length herein.

15.     At all relevant times, Plaintiff Domingo Colaj was in the exercise of due care for his safety and the safety of others.

16.     At all relevant times, Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, had control of the area where Plaintiff was working.

17.     At all relevant times, Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, were or should have been capable of identifying existing and predictable hazards to people working therein.

18.     At all relevant times, Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, had a duty to exercise due care for the safety of those people working in the surroundings of, or working conditions on, the site.

19.     At all relevant times, Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, had a duty to inspect and monitor the premises for existing and predictable hazards for people working in the surroundings of, or working conditions on, the site.

20.     At all relevant times, Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, had a duty to prevent, detect and abate existing and predictable hazards for people working in the surroundings of, or working conditions on, the site.

21.     At all relevant times, Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, had a duty to properly train, supervise and/or retain forklift operators at its facility.

22.     Nevertheless, Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, disregarded their duty as aforesaid in that they negligently failed to ensure safe premises for Plaintiff Domingo Colaj, negligently failed to ensure the safety of Plaintiff Domingo Colaj, negligently failed to properly inspect the area, negligently planned the area, negligently trained, supervised and/or retained forklift operators and was otherwise negligent.

23.     As a direct and proximate result of Defendant Sea Watch International, Ltd., through its agents, servants and/or employees', negligence as aforesaid, on March 19, 2012, Plaintiff Domingo Colaj suffered severe injuries to his mind and body, nerves and nervous system, has endured and will in the future endure mental pain and suffering and emotional distress, has been and will be in the future unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise damaged.

24.     By reason of the foregoing, Plaintiff Domingo Colaj has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, therapy and the like.

WHEREFORE, Plaintiff Domingo Colaj demands judgment against the Defendant Sea Watch International, Ltd. in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT II
### VICARIOUS LIABILITY
### SEA WATCH INTERNATIONAL, LTD.

25.     Plaintiff restates and realleges Paragraphs 1 through 24 of the Complaint as if fully set forth at length herein.

26.     At all relevant times, Plaintiff Domingo Colaj was in the exercise of due care for his own personal safety.

4

27.     Defendant John and/or Jane Doe, Alias was an agent, servant and/or employee of Defendant Sea Watch International, Ltd. and was acting within that scope at all times relevant hereto.

28.     Defendant Sea Watch International, Ltd., through its agents, servants and/or employees, was at all relevant times vicariously responsible for the acts of its agents, servants and/or employees, including, but not limited to, the acts of Defendant John and/or Jane Doe, Alias, as set forth above.

29.     Defendant Sea Watch International, ltd. was at all times vicariously responsible for the acts of its agents, servants and employees who trained, monitored and/or supervised forklift operations and the forklift operator who injured Mr. Colaj.

30.     As a direct and proximate result of Defendant John and/or Jane Doe, Alias's negligence, Mr. Domingo Colaj suffered severe injuries to his mind and body, nerves and nervous system, has endured and will in the future endure mental pain and suffering and emotional distress, has been and will be in the future unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise damaged.

31.     By reason of the foregoing, Plaintiff Domingo Colaj has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, therapy and the like.

WHEREFORE, Plaintiff Domingo Colaj demands judgment against the Defendant Sea Watch International, Ltd. in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT III
### NEGLIGENCE
### JOHN AND/OR JANE DOE, ALIAS

32.      Plaintiff restates and realleges Paragraphs 1 through 13 of the Complaint as if fully set forth at length herein.

33.      At all relevant times, Plaintiff Domingo Colaj was in the exercise of due care for his safety and the safety of others.

34.      At all relevant times, Defendants John and/or Jane Doe, Alias negligently trained, monitored, supervised, retained and/or oversaw the forklift operators, operations and/or conditions at Defendant Se Watch International, Ltd.

35.      As a direct and proximate result of Defendants' negligence as aforesaid, on March 19, 2012, Plaintiff Domingo Colaj suffered severe injuries to his mind and body, nerves and nervous system, has endured and will in the future endure mental pain and suffering and emotional distress, has been and will be in the future unable to perform his usual activities, has suffered a loss of wages and earning capacity, and has been otherwise damaged.

36.      By reason of the foregoing, Plaintiff Domingo Colaj has incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, therapy and the like.

WHEREFORE, Plaintiff Domingo Colaj demands judgment against the Defendant John and/or Jane Doe, Alias in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IV
### NEGLIGENCE
### JOHN DOE CORPORATION, ALIAS

37.      Plaintiff restates and realleges Paragraphs 1 through 13 of the Complaint as if fully set forth at length herein.

38.     At all relevant times, Plaintiff Domingo Colaj was in the exercise of due care for his safety and the safety of others.

39.     At all relevant times, Defendant John Doe Corporation, Alias had control of the area where Plaintiff was working.

40.     At all relevant times, Defendant John Doe Corporation, Alias, by and through its agents, servants, and assigns, were or should have been capable of identifying existing and predictable hazards to people working therein.

41.     At all relevant times, Defendant John Doe Corporation, Alias, by and through its agents, servants, and assigns, had a duty to exercise due care for the safety of those people working in the surroundings of, or working conditions on, the site.

42.     At all relevant times, Defendant John Doe Corporation, Alias, by and through its agents, servants, and assigns, had a duty to inspect and monitor the premises for existing and predictable hazards for people working in the surroundings of, or working conditions on, the site.

43.     At all relevant times, Defendant John Doe Corporation, Alias, by and through its agents, servants, and assigns, had a duty to prevent, detect and abate existing and predictable hazards for people working in the surroundings of, or working conditions on, the site.

44.     At all relevant times, Defendant John Doe Corporation, Alias, by and through its agents, servants, and assigns, had a duty to properly train and/or retain forklift operators at its facility.

45.     Nevertheless, Defendant John Doe Corporation, Alias disregarded its duty as aforesaid in that they negligently failed to ensure safe premises for Plaintiff Domingo Colaj, negligently failed to ensure the safety of Plaintiff Domingo Colaj, negligently failed to properly inspect the area, negligently planned the area, negligently trained and/or retained forklift operators and was otherwise negligent.

46.     As a direct and proximate result of Defendant John Doe Corporation, Alias'
negligence as aforesaid, on March 19, 2012, Plaintiff Domingo Colaj suffered severe injuries to his
mind and body, nerves and nervous system, has endured and will in the future endure mental pain
and suffering and emotional distress, has been and will be in the future unable to perform his usual
activities, has suffered a loss of wages and earning capacity, and has been otherwise damaged.

47.     By reason of the foregoing, Plaintiff Domingo Colaj has incurred and will in the
future incur the need for and resulting expenses for medical and nursing treatment, medicines,
therapy and the like.

WHEREFORE, Plaintiff Domingo Colaj demands judgment against the Defendant John
Doe Corporation, Alias in an amount that, exclusive of interest and costs, exceeds the jurisdictional
minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
### AND DESIGNATES AMATO A. DELUCA AS TRIAL COUNSEL

Plaintiff,
By his Attorneys,


Amato A. DeLuca (BBO #638458)
Jeffrey A. Mega (BBO #650993)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 Fax

Dated:  December 19, 2013